# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:23-cr-389 (RC) |
| | : | |
| JARED MILLER, | : | |
| Defendant. | : | |

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO PERMIT TRAVEL

The United States of America, by and through the undersigned Assistant U.S. Attorney, respectfully asks this Court to deny defendant Jared Miller's motion to permit travel to Washington, D.C. from January 19, 2025 through January 21, 2025. *See* ECF No. 23. Specifically, Miller asks this Court to "permit him to travel to the District of Columbia on January 19, 2025, to attend the upcoming inauguration on January 20, 2025, return to his home in the Tidewater area of Virginia the day after the inauguration." *Id*. at 3. Miller's motion did not indicate Pretrial's position on this request. Contrary to Miller's self-designation that he is "highly responsible" and presents no "danger whatsoever," Miller's previous actions of assaulting numerous law enforcement officers show differently. Miller presents a danger to the D.C. community, including the very law enforcement officers who defended the Capitol on January 6, 2021.

## I.    BACKGROUND

On January 6, 2021, thousands of rioters took part in an attack on the U.S. Capitol in an effort to stop the certification of the results of the 2020 presidential election. These rioters forced their way into the U.S. Capitol building, requiring elected officials and their staff to flee or shelter in place and resulting in hundreds of injured officers and even multiple deaths. That day, Miller, fitted in a gas mask, played a direct role in endangering the safety of officers. He positioned himself

on the front line of rioters assaulting officers as they attempted to hold the line on the West Plaza. Over the course of approximately 13 minutes, Miller assaulted numerous officers during four separate incidents by pushing the backs of officers, pushing metal barriers into officers, and striking officers. *See* ECF No. 1-1 at 5-13. In addition to the assaults, Miller antagonized law enforcement and stoked the civil disorder by pulling away barriers and encouraging others to engage against police. *Id*.

For his actions, Miller was arrested and charged in August 2023. As a condition of Miller's release, he was ordered to "Stay out of D.C. except for PSA business, Court or meetings with attorney" and "avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution." ECF No. 8 at 2. In November 2023, a grand jury returned a ten-count indictment, charging Miller with the following four felonies and five misdemeanors: 18 U.S.C. § 231 (Civil Disorder) (Count 1),  18 U.S.C. § 111(a)(1) (Assaulting Officers) (Counts 2-5), 18 U.S.C. § 1752(a)(1) (Entering and Remaining in Restricted Building or Grounds) (Count 6), 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in Restricted Building or Grounds) (Count 7), 18 U.S.C. § 1752(a)(4) (Engaging in Physical Violence in Restricted Building or Grounds) (Count 8), 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building or Grounds) (Count 9), and 40 U.S.C. § 5104(e)(2)(F) (Act of Physical Violence in a Capitol Building or Grounds) (Count 10). *See* ECF No. 8.

Miller was arraigned and entered a plea of "Not Guilty" on December 1, 2023. Miller's trial is set to commence in April 2025. On January 4, 2024, Miller filed the present motion (ECF No. 23) to travel to Washington, D.C. in order to attend the Presidential Inauguration. Miller has not put forth a compelling nor necessary reason to travel to Washington, D.C. Accordingly the Court should deny this motion.

## II.     <u>LAW & ARGUMENT</u>

The Bail Reform Act requires that a defendant on pretrial release be "subject to the least restrictive condition, or combination of conditions" that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). This Court may "at any time amend [an] order [setting conditions of release] to impose additional or different conditions." *Id.* § 3142(c)(3). When determining conditions of release, the following factors are pertinent: "the nature and circumstances of the offense charged"; "the weight of the evidence against the person"; "the history and characteristics of the person"; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g).

Here, there is a significant danger posed to both persons and the community. The last organized event Miller attended on the Washington, D.C. Mall, was a riot that resulted in hundreds of injured officers and even multiple deaths. Miller had a direct hand in the violence unleashed upon law enforcement. The risk Miller presents to those in D.C. did not end with his exit from the restricted grounds on January 6, 2021. Many of these officers will, once again, be tasked in protecting the Capitol on January 20, 2025. As such, his presence at an event staffed by law enforcement would not only present a danger but would cause further victimization for the officers who Miller not only encountered but assaulted.

Miller attempts to support his motion by pointing to three prior trips to Washington, D.C. "without and issues" as evidence of why he should be able to travel to Washington, D.C. ECF No. 23 at 2. First, it is of no celebratory note that Miller took three trips to Washington, D.C. without incident as he took those trips in direct violation of his pre-trial release conditions to "stay out of D.C." except for business related to his case. ECF No 7 at 2. Neither the government nor this Court

was informed of these trips. Second, there is no guarantee that Miller will simply "cheer . . . [a]nd then go home" (ECF No. 23 at 2) as made evident by his behavior at a rally that started off peaceful and then migrated to a restricted area where it descended into an all-out riot filled with chaos and violence.

Finally, Miller also attempts to justify his trip by including a trip to his counsel's office. ECF No. 23 at 3. There is sufficient time between now and April for Miller to arrange time to meet counsel.

At least one other court in this district has ruled against a similar request by a January 6, 2021 defendant to come to the District of Columbia for the 2025 presidential inauguration. *See United States v. Belliveau*, 24-cr-327-TJK, Minute Order (1/2/2025). Two courts, including this Court, have granted similar motions. *See United States v. William Pope et al.*, 21-cr-128-RC, ECF No. 383, ECF No. 386 (granting defendant's motion to travel to the Inauguration "upon consideration of . . . the entire record herein, including the fact that [the defendant] is not charged with assault or vandalism-related charges"); *United States v. Peterson*, 24-cr-376-TSC, ECF No. 21, Minute Order of December 19, 2024 (permitting defendant, charged with misdemeanors, to travel to Washington, DC, without further comment). Miller, unlike the defendants in *Pope* and *Peterson*, is charged with assault—four counts of assault to be specific.

Presently, there is no necessity for Miller to travel to Washington, D.C. For the reasons described above, the United States respectfully requests that this Court to deny Miller's motion to modify condition of release.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

4

By:      */s/ Rebekah E. Lederer*
         REBEKAH LEDERER
         Assistant United States Attorney
         Pennsylvania Bar No. 320922
         601 D St., NW
         Washington, D.C. 20001
         (202) 252-7012
         rebekah.lederer@usdoj.gov